[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S REQUEST FOR PRODUCTION DATED JANUARY 5, 1993
The plaintiff alleges the following:
The plaintiff, Security Services Management Company, is a Connecticut joint venture.
Defendant, Paul Gressin, is a citizen of New York and defendant, Telestat Group, Inc., d/b/a Telestat Security, is a New York corporation.
Prior to January 19, 1988 defendant Gressin was a director, shareholder and employee of three corporations which did business under the name of All Service Alarms. All Service Alarms provided security monitoring services to businesses and individual customers.
Also prior to January 19, 1988 defendant SecurityLink Metro Limited Partnership, SecurityLink Limited Partnership and SecurityLink Corporation (collectively referred to as "Security Link") were engaged in the same business as All Service Alarms.
On January 19, 1988 SecurityLink purchased the assets of All Service Alarms. From August 1988 through mid-1991 Gressin was employed by SecurityLink and had access to detailed information concerning its customers. CT Page 2491
After his termination from SecurityLink in August of 1991 Gressin formed Telestat which engages in the same business as SecurityLink, i.e. providing security service monitoring, installation and keyholding services for customers in Nassau County, New York.
On September 19, 1991 SecurityLink filed petitions under Chapter 11 of the United States Bankruptcy Code and continued to operate as a debtor-in-possession.
On March 30, 1992 plaintiff purchased substantially all of the assets of SecurityLink and became the owner of the contracts between SecurityLink and its customers.
Plaintiff alleges that, after forming Telestat, Gressin and Telestat embarked on a scheme calculated to destroy plaintiff's business.
The defendants have filed a motion to dismiss for lack of jurisdiction. The plaintiff responded to the motion by seeking to depose a number of individuals and two defendants. The defendants objected, and the motion was heard at short calendar in December 1992. The court ruled that for purposes of obtaining information relevant to the motion to dismiss, the plaintiff would be allowed to depose Paul Gressin, his wife, and the defendant corporation only.
The plaintiff requests production of certain documents in order to determine whether or not the court has jurisdiction.
The plaintiff requests production of the following documents:
(1) Each and every document that relates to All Service Alarms from the period from January 19, 1988 through the present.
Inasmuch as SecurityLink purchased the assets of All Service Alarms, and the plaintiff now owns the assets of SecurityLink, it would appear that such documents would be relevant to the issue of jurisdiction.
(2) Each and every document that relates to:
(a) Security Services Managements Company; and CT Page 2492
 (b) SecurityLink Metro Limited Partnership, SecurityLink Limited Partnership, or SecurityLink Corporation.
(3) Each and every document that relates to any communication, from January 19, 1988 through the present with existing or present subscribers of services from:
(a) Security Services Management Company; and
 (b) SecurityLink Limited Partnership, or SecurityLink Corporation.
Here again, inasmuch as the plaintiff now owns assets of SecurityLink, it would appear that such documents would be relevant to the issue of jurisdiction.
(4) Each and every document, including but not limited to advertisements, brochures, bulletins, correspondence, designs, drawings, flyers and photographs, that relates to any marketing or promotion of Telestat Group Inc. d/b/a Telestat Security.
(5) Each and every document that relates to the incorporation, creation or formation of Telestat Group, Inc., d/b/a Telestat Security.
Here again such documents may be relevant to determine whether there have been sufficient contacts with the State of Connecticut for it to have jurisdiction.
"Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure. . . ." Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 57, citing Practice Book 218.
The request for production dated January 5, 1993 is granted. However, the objections to "Definitions" and "Procedure" sections are sustained. The court finds them to be oppressive.
Allen, J. CT Page 2493